ALICE GORMAN vs. ANN MCHALE et al.

PROVIDENCE—JUNE 16, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Equity Pleading. Joinder of Husband and Wife.*

Gen. Laws cap. 194, § 16, provides : " In all actions, suits and proceedings, whether at law or in equity, by or against a married woman, she shall sue and be sued alone :"—

*Held*, that the only object intended to be secured by this provision was the right to thus sue on the part of a married woman in those cases where her husband was not an interested or necessary party, and a similar right to thus sue her on the part of anyone who might have a cause of action against her in which her husband was also not an interested or necessary party.

*Held*, further, that a party plaintiff was not prevented from joining as defendants a husband and wife in those cases where, from the nature of the transaction, it was proper or necessary to join them, nor did it prevent a husband and wife from joining as plaintiffs in those cases where it was proper or necessary so to do.

(2) *Equity Pleading. Joinder of Husband and Wife. Tenancy by Curtesy. Setting aside Conveyance.*

*Held*, further, that, on a bill brought to set aside a deed on the ground of undue influence, a husband of a respondent by whom he had had children born alive was properly joined with his wife as a party respondent.

*Held*, further, that while, in case the deed should be set aside, the husband would take no interest in the property as tenant by the curtesy, yet, in order that the reconveyance might vest a full title to the estate in the complainant free from any cloud, the husband should be required to join therein.

*Bank* v. *Hall*, 11 R. I. 124, and *In re Voting Laws*, 12 R. I. 592, explained.

BILL IN EQUITY seeking relief set forth in the opinion. Heard on demurrer, and demurrer overruled.

TILLINGHAST, J.   The object of this bill is to obtain the cancellation of a deed of certain real estate given to the respondents Ann McHale and Mary E. McHale, which deed, the bill alleges, was procured from the complainant by misrepresentation and undue influence ; and also to obtain a reconveyance of said real estate from the respondents Ann McHale, Mary E. McHale, and Michael McHale, said Michael

being the husband of said Ann McHale, and for other incidental relief.

The said respondent Michael McHale demurs to the bill on the grounds that he is improperly joined as a party respondent in the case ; that the bill does not show that he has or claims any right, title, or interest in or to the estates described in said bill or to either of them ; and that the complainant fails to state such a case as entitles her, in a court of equity, to any relief as against him.

The bill shows that the respondent Michael McHale is the husband of the respondent Ann McHale, by whom he has had a child or children born alive, and, so far as now appears of record, is the tenant by the curtesy initiate in said real estate.

(1) The only question raised by the demurrer is whether said Michael McHale is a proper party respondent to the bill. His counsel takes the point that he is not, and that, under Gen. Laws R. I. cap. 194, § 16, he cannot be joined with his wife as a party to the suit.

Said section is as follows : "In all actions, suits, and proceedings, whether at law or in equity, by or against a married woman, she shall sue and be sued alone."

An examination of said chapter as a whole, and of the subsequent acts of the General Assembly in amendment thereof, shows that the policy of our statute now is to give to married women the entire control of their own property, subject only to the husband's right as tenant by the curtesy, and to place them on the same footing as though single and unmarried, in the control and management thereof. *Smith* v. *Smith*, 20 R. I. 556. And it was evidently in furtherance of this object that the provision above quoted was enacted. Prior to its passage a married woman could not sue or be sued alone, where the cause of action related to her separate property, except in certain cases. *Merriam* v. *White*, 18 R. I. 727. But now this disability is also removed. And clearly this was the only object of the provision above quoted. True, the language of the statute is—"shall sue and be sued alone." But evidently the only object intended to be secured thereby was

the *right* to thus sue on her part in those cases where her husband was not an interested or necessary party, and a similar right to sue her on the part of anyone who might have a cause of action against her in which her husband was also not an interested or necessary party. In short, the provision in question is clearly a directory and not a mandatory provision, in so far, at any rate, as not to prevent a party plaintiff from joining as defendants a husband and wife in those cases where, from the nature of the transaction involved, or the relief sought, it is proper or necessary thus to join them, and also in so far as not to prevent a husband and wife from joining as plaintiffs in those cases where it is proper or necessary so to do. That is, its practical effect is simply to do away with the former provision of the statute which required a married woman to join with her husband in actions relating to the property secured to her under the statute. See Pub. Stat. R. I. cap. 166, § 16.

In order to show the unreasonableness of the construction contended for, take, for illustration, the following supposititious case : A man and his wife are the joint owners of a piece of real estate. They join in a written lease thereof to B. for a term of years. B. fails to keep his covenants contained in the lease, and an action against him is rendered necessary in order to eject him from the premises. Could it be reasonably claimed that the lessors, although husband and wife, could not join as plaintiffs in said action ? Clearly not. The statute could not have been intended to prohibit such a sensible, proper, and necessary proceeding.

Take the case at bar. If, as claimed by the complainants, the respondent who files this demurrer is interested as tenant by the curtesy initiate in the real estate in question, must the complainant, in order to obtain relief as against him, bring a separate suit for this purpose instead of joining him with his wife as the complainant has done in her bill ? That is, is she called upon under said statute to bring two suits instead of one, when one would accomplish the same object with much less expense and trouble to all parties concerned ?

That this question must be answered in the negative would seem to be too clear for argument.

Statutes are to be construed with reason, and not held to require the doing of wholly unnecessary and useless things. And while the court always prefers, in construing a statute, to take the words literally, assuming that the General Assembly have chosen such as readily express their intention, yet, as said by Durfee, C. J., in *Dawley* v. *Probate Court*, 16 R. I. 696 : "This cannot always be done, for it sometimes happens that words have been used that taken literally are inconsistent with the predominating purpose. The cases are numerous in which the literal meaning of words and phrases has been restrained or extended by construction to suit the legislative intent. Sedgwick on Stat. and Constit. Law, 254. The real intention, it is said, should always prevail over the literal sense of terms and the real intention is to be ascertained from an examination of the whole and every part of a statute taken and compared together." See also *State* v. *Drowne,* 20 R. I. p. 306 ; *State* v. *Beck,* 21 R. I. 288.

If the strict literal construction which is contended for by respondents' counsel should prevail, the court would be obliged to go to the extent of holding that a married woman who owns real estate jointly or as tenant in common with a person who is not her husband could not join with such person in any action relating to said property, and also that she could not be joined as a defendant with her co-owner in any such action. For if a married woman can only "sue and be sued *alone,*" not only is her husband barred from joining with her in any action or suit, but every one else is also barred. But that the statute was never intended to have such an effect is very obvious. It was simply intended to enable a married woman to sue and be sued alone in those cases where there is no occasion for her husband to join or be joined in the action. We therefore decide that the statute in question does not prohibit the joining of the defendant Michael McHale as a party respondent to the bill.

(2)    The second point taken by counsel is that if, by the decree upon this bill, the deed in question is set aside as against

Mrs. McHale, it necessarily fails as against her husband and his rights by the curtesy initiate, if any such he has, and hence that there is no occasion for making him a party.

While it is true that, in case the deed shall be set aside on the ground that it was fraudulently obtained, the respondent Michael McHale would take no interest in the property in question as tenant by the curtesy, yet, in order that the reconveyance which would follow the setting aside of said deed might vest a full and absolute title to said estate in the complainant, free from any cloud thereon, we think that he should be required to join therein.

The third and last point taken by counsel is that, under our present statute and system respecting married women's estates and property, the husband, during the life of his wife, has no marital right or tenancy by the curtesy initiate in her estate, and hence that there is no occasion for him to be made a party to the bill.

In support of this contention counsel relies on *Bank* v. *Hall*, 11 R. I. 124, and *In re Voting Laws*, 12 R. I. 592. In the first-named case it was simply decided that, under Rev. Stat. R. I. cap. 136, a tenancy by the curtesy initiate was not subject to attachment for the husband's debts. The design of that statute, the court said, "was to secure the estate during the life of the wife from molestation by the creditors of the husband, and this design is promoted by holding that during her life he, simply as husband, has no interest in her real estate which can be attached in any suit to which she is not a party." See also *Briggs* v. *Titus*, 13 R. I. 136. It will at once be seen that the case does not hold that a husband has no interest in the real estate of his wife during her life, but only that he has no *attachable* interest therein. And in this connection it is to be observed that although, under Gen. Laws R. I. cap. 194, § 1, the real estate of a married woman is declared to be her sole and separate property, free from the control of her husband, yet, under section 9 of that chapter, it is expressly provided that : " The right of the husband in the real estate of the wife as tenant by the curtesy  .  .  .  shall not be impaired by the provisions of this chapter."

In the second-named case above cited, while it was held that under Gen. Stat. R. I. cap. 152, § 1, which provided that the real estate of a married woman "shall be absolutely secured to her sole and separate use," did *impair* the right of the husband therein as tenant by the curtesy initiate, on the ground that the absolute appropriation to the use of the wife necessarily excluded that right as well as the mere marital title thereto, yet it was held that an estate as tenant by the curtesy *vested* in the husband during the life of his wife, although it could not be enjoyed by him until after her death, and that such *vesting* was not inconsistent with her absolute use of the property. That case, therefore, does not go to the extent of holding that under the statute then in force relating to the property of married women, which was practically the same as the one now in force, a husband was divested of his right as tenant by the curtesy initiate in the real estate of his wife during her life.

It appearing, then, that in any event the respondent Michael McHale is *prima facie* vested with title to the curtesy initiate in said real estate by virtue of the deed in question, said deed being duly recorded, we think it is clear that he is properly made a party to this bill.

The demurrer is therefore overruled.

*Robert W. Burbank and Herbert A. Blake*, for complainant.

*Tillinghast & Tillinghast*, for respondents.